

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed June 18, 2019

*Mark X. Mullin*
**United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Carvin Ed Gray | § | Case No: 19-40958-mxm13 |
| | § | |
| Jenny Marie Gray | § | |
| | § | |
| Debtor(s). | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
(relates to DN. 31)

This matter came before the Court for an evidentiary hearing, which was held on June 13, 2019 (the "Hearing"). Creditor Chinook MHP Texas, LLC's ("Creditor") filed its Motion for Valuation of a Certain Palm Harbor Manufactured Home regarding a 1996 Palm Harbor Manufactured Home ("Collateral"). Creditor asserts that the value of the Collateral on the Petition Date was greater than its claim of $25,435.53 and is thus fully secured. The Court heard testimony and reviewed evidence presented by both the Creditor and Debtors. At the conclusion of the Hearing the Court ordered the Creditor to submit Findings of Fact and Conclusions of Law.

In accordance with F.R.B.P. 7052(a) and having reviewed all the documents supplied by the parties both at the Hearing and prior to the Hearing along with extensive testimony by Joint-Debtor Jenny Gray and Chinook's Sales and Property Manager Amanda Watschke, the Court now makes the following findings of fact and conclusions of law.

I. FINDING OF FACT

The Court finds that the 1996 Palm Harbor 28 x 48 Manufactured Home sold by Creditor to Debtors pursuant to a June 1, 2017 Manufactured Home Installment Purchase Agreement had a value on the Petition Date of $28,000.00 (the "Value"). The Court further finds that the Value is greater than the total claim of Creditor and thus the Creditor's claim is fully secured.

II. CONCLUSIONS OF LAW

The Court concludes that because the Value of the Collateral is greater than the Creditors full claim, thus Debtors cannot "cram-down" the Creditors' claim pursuant to 11 U.S.C §§ 506 and 1325(a). The Court further concludes that because the Creditor's claim is fully secured Debtors are required to pay the full amount of the claim at the full contract rate unless the parties agree separately.

III. CONCLUSION

In light of the findings of fact and conclusions of law, the Court ORDERS that the value of the Collateral is deemed to have been $28,000.00 on the Petition Date and that Debtors are thus precluded from reducing the Creditor's claim pursuant to 11 U.S.C §§ 506 and 1325(a). Further, the Court further ORDERS the Debtors, while in the instant Chapter 13 bankruptcy, to pay Creditor the full amount of Creditor's claim at the full contract rate unless both parties voluntarily agree to a different arrangement.

* * End of Order * *

WILLIAM L. HUEBNER (24085916)
9800 Hillwood Parkway, Suite 140
Fort Worth, TX 76177
whuebner1@hotmail.com
(817) 456-6906
Attorney for Creditor